**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert P. Diamond,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Dale A. Diamond,<br><br>　　　　　Defendant. | No. CV-06-2415-PCT-FJM<br><br>**ORDER** |

　　　　This case is part of an ongoing dispute between brothers involving their interests in the Ethel A. Diamond Irrevocable Trust, dated June 24, 2005 (the "Trust"), Motion to Dismiss, Exhibit 1. To date, all proceedings related to the Trust, as well as the guardianship of Ethel A. Diamond, have occurred in New York state court. On August 19, 2005, plaintiff and defendant entered into an agreement, whereby plaintiff agreed to renounce his interest in the first $500,000 of his distributive share of the Trust in favor of defendant (the "Renunciation Agreement"), Reply, Exhibit 4. Plaintiff has now filed a declaratory judgment action in this court, seeking a ruling that the Renunciation Agreement is invalid under New York state law because it was not approved by the court having jurisdiction over the Trust, namely the New York state court.

　　　　We now have before us defendant's motion to dismiss (doc. 7), asserting lack of personal jurisdiction, improper venue, forum non conveniens, and judicial comity; plaintiff's

response (doc. 12); and defendant's reply (doc. 14).  For myriad reasons this case is not properly before us, but primarily because we lack personal jurisdiction over the defendant.

When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant.  <u>Pebble Beach Co. v. Caddy</u>, 453 F.3d 1151, 1154 (9th Cir. 2006).  The general rule is that personal jurisdiction is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate due process.  <u>Id.</u>  Arizona's long-arm statute permits exercise of personal jurisdiction "to the maximum extent permitted by the Constitution of this state and the Constitution of the United States."  Ariz. R. Civ. P. 4.2(a).  Therefore, the resolution of personal jurisdiction in this case turns on due process.

To satisfy due process, a defendant must have "minimum contacts" with the forum state such that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice."  <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945).  Where a defendant has "substantial" or "continuous and systematic" contacts with the forum state, there is a sufficient relationship between the defendant and the state to support general jurisdiction, even if the cause of action is unrelated to the defendant's forum activities.  <u>Bancroft & Masters, Inc. v. Augusta Nat'l Inc.</u>, 223 F.3d 1082, 1086 (9th Cir. 2000).

Plaintiff describes defendant's contacts with Arizona as telephone calls and visits to his mother, as well as occasional contacts via telephone and emails in his role as trustee regarding Trust property.  These contacts are occasional at best and not the kind of "substantial" or "continuous and systematic" contacts required to support general personal jurisdiction.

Where such substantial or continuous and systematic contacts are lacking, a court may exercise specific personal jurisdiction, depending upon "the nature and quality of the defendant's contacts in relation to the cause of action."  <u>Data Disc, Inc. v. Systems Tech. Assocs, Inc.</u>, 557 F.2d 1280, 1287 (9th Cir. 1977).  This test is satisfied when (1) the defendant has purposefully availed himself of the privilege of conducting business in the

1  forum, (2) the suit arises out of the forum-related activity, and (3) the exercise of jurisdiction
2  is reasonable.  Pebble Beach, 453 F.3d at 1155.  If any of the three requirements is not
3  satisfied, jurisdiction in the forum would deprive the defendant of due process of law.  Id.
4  The plaintiff bears the burden of satisfying the first two prongs of the minimum contacts test.
5  Id.

6      Regarding the purposeful availment prong, the "use of the mails, telephone, or other
7  international communications simply do not qualify as purposeful activity invoking the
8  benefits and protection of the [forum] state." Peterson v. Kennedy, 771 F.2d 1244, 1262 (9th
9  Cir. 1985) (alteration in original).  Defendant's emails and telephone calls, which are not
10 alleged to be related to the subject matter of this action, are insufficient to establish
11 purposeful availment.  See also Roth v. Garcia Marquez, 942 F.2d 617, 622 (9th Cir. 1991).

12     The "arising out of " requirement is met if, "but for" the contacts between the
13 defendant and the forum state, plaintiff's cause of action would not have arisen.  See
14 Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1123 (9th
15 Cir. 2002).  This action did not arise out of forum-related activity.  The Renunciation
16 Agreement was negotiated and executed outside of Arizona, and the subject matter of the
17 Agreement is Trust property, which is subject to the jurisdiction of New York state courts.
18 Plaintiff fails to allege that but for defendant's forum-related contacts, this cause of action
19 would not have arisen.

20     We conclude that we lack personal jurisdiction over defendant.  Therefore, **IT IS**
21 **ORDERED GRANTING** defendant's motion to dismiss (doc. 7).

22     DATED this 9th day of February, 2007.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge